IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **ERIN PATTON**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. |
| v. | ) |
| | ) |
| **LAKEVIEW FREIGHT, LLC** | ) |
| Registered Agent: Leonard Boogaard | ) |
| 156 County Road 3 SE | ) |
| Osakis, MN 56360 | ) |
| | ) |
| And | ) |
| | ) |
| **LEONARD BOOGAARD** | ) |
| 156 County Road 3 SE | ) |
| Osakis, MN 56360 | ) |
| | ) |
| Defendants, | ) |

## COMPLAINT

COMES NOW, Plaintiff, ERIN PATTON, and for her cause of action against Defendants, LAKEVIEW FREIGHT, LLC and LEONARD BOOGAARD state to the Court as follows:

### Preliminary Statement

This action seeks compensatory damages for acute injuries suffered by Plaintiff, ERIN PATTON, on April 9, 2014, when she was operating her motor vehicle on Interstate 70 at or near its intersection with Cave Springs Drive, in St. Charles County, State of Missouri. The Plaintiff suffered severe physical and psychological injuries when the vehicle in which she was operating was struck by a vehicle owned by Defendant LAKEVIEW FREIGHT, LLC. and being operated by Defendant LEONARD BOOGAARD when it struck the rear of Plaintiff's vehicle.

**Jurisdiction**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship between Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00.

**Venue**

2. Venue of this action properly lies in the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred within this district.

**Parties**

3. Plaintiff, ERIN PATTON (hereinafter "**PLAINTIFF**") is a resident of St. Charles County, State of Missouri.

4. Defendant LEONARD BOOGAARD, (hereinafter "**DEFENDANT BOOGAARD**") is a resident of Butler County, State of Ohio, who was transacting and conducting commercial activities within the State of Missouri on behalf of Defendant LAKEVIEW TRUCK LINES, INC. at the time of the crash described herein.

5. Defendant LAKEVIEW FREIGHT, LLC, (hereinafter "**DEFENDANT LAKEVIEW**") is a foreign company, with a principal place of business in the State of Minnesota that conducts business in the State of Missouri among other states, which was, by and through its employee DEFENDANT BOOGAARD, transacting and conducting commercial activities within the State of Missouri at the time of the crash described herein.

## COUNT I – DEFENDANT LAKEVIEW FREIGHT, LLC - NEGLIGENCE

Comes now PLAINTIFF, and for her cause of action against Defendant LAKEVIEW FREIGHT, LLC, states as follows:

6. Plaintiff adopts by reference each and every paragraph and sub-paragraph contained in paragraphs 1-5 above.

7. On or about April 9, 2014, Defendant LAKEVIEW's agent, servant and/or employee while acting within the scope of his employment was traveling eastbound on Interstate 70, at or near its intersection with Cave Springs Drive in St. Charles County, State of Missouri, and caused and permitted his commercial vehicle to strike the rear of PLAINTIFF'S vehicle, resulting in injuries to PLAINTIFF which were the direct and proximate result of the carelessness and negligence of Defendant LAKEVIEW.

8. The two vehicles collided on Interstate 70 at or near its intersection with Cave Springs Drive as a direct result of the negligence of Defendant LAKEVIEW, acting through its agents, servants or employee, individually or in combination, in one or more of the following respects:

    a) Its driver was inattentive to the roadway;

    b) Is driver carelessly and struck the rear of PLAINTIFF's vehicle;

    c) Its driver carelessly and neglectfully allowed his commercial vehicle to strike the vehicle PLAINTIFF was operating;

    d) Its driver carelessly and negligently failed to sound a warning of his approach, to slacken speed, swerve or stop before colliding the vehicle PLAINTIFF was operating;

    e) Its driver failed to control the commercial vehicle;

f) Its driver carelessly and negligently operated his commercial vehicle at an excessive rate of speed under the circumstances then and there existing;

g) Its driver carelessly and negligently failed to exercise ordinary care to keep a lookout to the front and laterally so as to discover the vehicle PLAINTIFF was operating;

h) It entrusted its driver to operate its commercial vehicle when it knew or should have known that he had an unsafe past while operating motor vehicles;

i) It failed to train its driver in the safe operation of commercial vehicles;

j) It retained Defendant BOOGAARD as a driver when it knew or should have known of his unsafe past while operating motor vehicles;

k) It hired Defendant BOOGAARD without performing an adequate investigation of his driving history;

9. Defendant LAKEVIEW acting through its agents, servants or employee, individually or in combination, owed a duty of care to members of the general public, including PLAINTIFF, while using the public roadways on or about April 9, 2014.

10. That as a direct and proximate result of the negligence and carelessness of Defendant LAKEVIEW, as aforesaid, PLAINTIFF's, neck, back and spine, were seriously bruised, contused, swollen, aggravated, ruptured, mashed, wrenched, narrowed, compressed, subluxed, abraded, dislocated, strained, sprained and rendered stiff, sore and painful; that PLAINTIFF suffered, suffers and will in the future continue to suffer great physical pain; that the function of all of the said area and parts of PLAINTIFF's body has been and will in the future be greatly impaired and diminished, and that all of the PLAINTIFF's injuries, effects and results thereof are permanent and progressive.

11. That as a direct and proximate result of the negligence and carelessness of Defendant LAKEVIEW, PLAINTIFF has to date incurred medical expenses in sums not yet

determined which sums for medical expenses may increase and lost wages in sums not yet determined, and other damages in excess of $75,000.00, and is reasonably certain to sustain additional expense and loss in the future.

WHEREFORE, Plaintiff ERIN PATTON prays for judgment against Defendant, LAKEVIEW FREIGHT, LLC, for her costs incurred and for such other relief as the Court deems just and proper.

### COUNT II- VICARIOUS LIABILITY – LAKEVIEW FREIGHT, LLC

COMES NOW, Plaintiff, ERIN PATTON, by and through his attorneys, and for her cause of action against Defendant LAKEVIEW FREIGHT, LLC, states as follows:

12. Plaintiff adopts by reference each and every paragraph and sub-paragraph contained in paragraphs 1-11 above.

13. That at all times relevant herein, DEFENDANT BOOGAARD was employed by DEFENDANT LAKEVIEW.

14. At the time of this incident, DEFENDANT BOOGAARD was furthering the business interests of his employer, making it vicariously liable for those actions.

WHEREFORE, Plaintiff ERIN PATTON prays for judgment against Defendant, LAKEVIEW FREIGHT, LLC, for her costs incurred and for such other relief as the Court deems just and proper.

### COUNT III – DEFENDANT LEONARD BOOGAARD – NEGLIGENCE

Comes now PLAINTIFF, and for her cause of action against Defendant LEONARD BOOGAARD, states as follows:

15. Plaintiff adopts by reference each and every paragraph and sub-paragraph contained

in paragraphs 1-11 above.

16. On or about April 9, 2014, Defendant LAKEVIEW's agent, servant and/or employee Defendant BOOGAARD while acting within the scope of his employment was traveling eastbound on Interstate 70, at or near its intersection with Cave Springs Drive in St. Charles County, State of Missouri, and caused and permitted his commercial vehicle to strike the rear of PLAINTIFF'S vehicle, resulting in injuries to PLAINTIFF which were the direct and proximate result of the carelessness and negligence of Defendant LAKEVIEW's agent, servant and/or employee Defendant BOOGAARD while acting within the scope of his employment.

17. The two vehicles collided on Interstate 70 at or near its intersection with Cave Springs Drive as a direct result of the negligence of Defendant BOOGAARD, acting as agent, servant and/or employee within the scope of his employment with Defendant LAKEVIEW, individually or in combination, in one or more of the following respects:

a) Defendant BOOGAARD was inattentive to the roadway;

b) Defendant BOOGAARD carelessly and negligently struck the rear of PLAINTIFF'S vehicle;

c) Defendant BOOGAARD carelessly and neglectfully allowed his commercial vehicle to strike the rear of the vehicle PLAINTIFF was operating;

d) Defendant BOOGAARD carelessly and negligently failed to sound a warning of his approach, to slacken speed, swerve or stop before colliding with the vehicle PLAINTIFF was operating;

e) Defendant BOOGAARD failed to control the commercial vehicle;

f) Defendant BOOGAARD was carelessly and negligently operated his commercial vehicle at an excessive rate of speed under the circumstances then and there existing;

6

g) Defendant BOOGAARD carelessly and negligently failed to exercise ordinary care to keep a lookout to the front and laterally so as to discover the vehicle PLAINTIFF was operating;

18. Defendant BOOGAARD, acting as agent, servant and/or employee within the scope of his employment with Defendant LAKEVIEW, individually or in combination, owed a duty of care to members of the general public, including PLAINTIFF, while using the public roadways on or about April 9, 2014.

19. As a direct and proximate result of the negligence and carelessness of Defendant BOOGAARD acting within the scope of his employment, as aforesaid, PLAINTIFF's back, neck, and spine, were seriously bruised, contused, swollen, aggravated, ruptured, mashed, wrenched, narrowed, compressed, subluxed, abraded, dislocated, strained, sprained and rendered stiff, sore and painful; that PLAINTIFF suffered, suffers and will in the future continue to suffer great physical pain; that the function of all of the said area and parts of PLAINTIFF's body has been and will in the future be greatly impaired and diminished, and that all of the PLAINTIFF's injuries, effects and results thereof are permanent and progressive.

20. That as a direct and proximate result of the negligence and carelessness of Defendant BOOGAARD, PLAINTIFF has to date incurred medical expenses in sums not yet determined which sums for medical expenses may increase and lost wages in sums not yet determined, and other damages in excess of $75,000.00, and is reasonably certain to sustain additional expense and loss in the future.

WHEREFORE, Plaintiff, ERIN PATTON prays for judgment against Defendant, LEONARD BOOGAARD, for her costs incurred and for such other relief as the Court deems just and proper.

7

*Respectfully submitted,*

By: _____
    Patrick T. Hinrichs, #62953
    The Bradley Law Firm
    Attorney for Plaintiff
    1424 Washington Avenue, Suite 300
    St. Louis, MO 63103
    T. 314.721.9111
    F. 314.206.2304
    patrick@thebradleylawfirm.com

8